### FLANNERY v. VAN TASSEL.

(*Supreme Court, General Term, Second Department.* May 12, 1890.)

APPEAL—REVIEW—PRESUMPTIONS.

>    Where the case on appeal does not contain the charge of the trial judge, the general term will assume that the instructions were correct.

Appeal from circuit court, Dutchess county.

Action by John Flannery against J. Wesley Van Tassel. Plaintiff appeals from a judgment entered in favor of defendant upon the verdict of a jury.

Argued before DYKMAN and PRATT, JJ.

*H. H. Hustis,* for appellant. *Grant B. Taylor,* for respondent.

DYKMAN, J. This is an action for the recovery of damages for the wrongful conversion of a stock of merchandise. The plaintiff claimed to own the goods by virtue of a purchase and a bill of sale from Edward McManus, the former owner; and the defendant, who is the sheriff of Dutchess county, justified his seizure of the goods under an attachment issued in favor of Barnes and Mapes against the property of Edward McManus, and placed in the hands of the sheriff for execution. The success of the plaintiff in this action depended upon the validity of his purchase from McManus, which was alleged to be fraudulent by the defendant. The cause was tried at the circuit before a jury, and a verdict was rendered in favor of the defendant, and from the judgment entered upon the verdict, and the order denying a motion for a new trial on the minutes, the plaintiff has appealed.

The charge of the trial judge is not contained in the case, and we are there-

fore to assume that no error is claimed against the charge, and that the instructions to the jury were correct. There were exceptions to the admission of testimony, but they present no error. The testimony, and the inferences to be drawn from it, was amply sufficient to support the verdict rendered by the jury, and an examination of the evidence by us is neither requisite nor necessary. We find no difficulty in justifying the verdict, and judgment and order. The judgment and order denying the motion for a new trial should be affirmed, with costs.